```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BOBBY YOUNG                       :    CIVIL ACTION
                                  :
     v.                           :
                                  :
EDWARD J. KLEM, ET AL.            :    NO. 04-843
```

<u>ORDER</u>

AND NOW, this 28th day February, 2006, upon careful and independent consideration of Bobby Young's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (docket entry #1), his Memorandum of Law in Support of Habeas Corpus Petition (docket entry # 13), his Traverse to Respondents' Response (docket entry # 14), the Commonwealth's response to his petition (docket entry # 10), the Report and Recommendation of the Honorable M. Faith Angell, Chief United States Magistrate Judge (docket entry # 15), Young's Objections to the Report and Recommendation (docket entry # 16), the Commonwealth's response thereto (docket entry # 18), and Young's Response to Respondents' Response (docket entry #19), and the Court finding that:

(a) Judge Angell was correct in recommending that Young's federal habeas petition was timely filed within one year of the date his conviction became final, not counting the time during which Young had a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim pending; see 28 U.S.C. § 2244(d)(2);

(b) Judge Angell correctly recommended that Young's Second, Fifth, Sixth and Seventh habeas claims were procedurally defaulted because Young did not raise the claims in the state courts and any attempt to return there now would be untimely and

futile;

   (c) Young's objection of the procedural default recommendation, based upon his assertion that he directed the attorney who represented him in his PCRA appeal not to waive any issue raised in his pro se PCRA petition, lacks merit because the procedural default occurred when Young failed to raise the federal issues on the direct appeal of his conviction and the failure of his PCRA appeal attorney to raise them was irrelevant;

   (d) Judge Angell correctly recommended that Young's First and Eighth habeas claims, alleging Fourth Amendment violations, are not subject to habeas review because Young had a full and fair opportunity to litigate the suppression issues in state court; see Stone v. Powell, 428 U.S. 465, 494 (1976) ("Where the state has provided an opportunity for full and fair litigation of a claim under the Fourth Amendment, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial.");

   (e) Although Young objects that the state court made incorrect factual conclusions in deciding the suppression issues, his objections to the conclusions reached by the state court do not negate the fact that he was afforded a full and fair opportunity to litigate the issues there;

   (f) Judge Angell was correct in recommending that the state court decision underlying the Fourth Claim, that trial counsel was not constitutionally ineffective during the

2

suppression hearing, was not contrary to nor an unreasonable application of the Supreme Court law found in <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984) (counsel is strongly presumed to have rendered adequate assistance; to overcome presumption of effective assistance, a defendant must demonstrate that counsel committed serious mistakes, and that the deficient representation prejudiced the defense), because the standard employed by the state court, <u>see</u> <u>Commonwealth v. Wells</u>, 578 A.2d 27, 31-32 (Pa.Super. 1990) (ineffective assistance requires a showing of an act or omission that was arguably ineffective, that no reasonable basis designed to effectuate appellant's interests could exist for the act or omission, and but for the act or omission there is a reasonable probability that he result would have been more favorable to the appellant), does not contradict the <u>Strickland</u> standard; <u>see</u> <u>Werts v. Vaughn</u>, 228 F.3d 178, 204 (3d Cir. 2000);

(g)  Young's objection to the ineffective assistance recommendation has no merit because it does not address whether the state courts used the correct standard, but rather seeks to relitigate the underlying suppression issue;

(h)  Judge Angell was correct in recommending that Young's Third Claim, which asserts that certain comments by the Assistant District Attorney constituted prosecutorial misconduct, was meritless because the standard for prosecutorial misconduct the state court employed, <u>see</u> <u>Commonwealth v. Green</u>, 581 A.2d 544 (Pa. 1990) (prosecutor's comment, even if intemperate, uncalled

3

for and improper, does not require new trial unless its unavoidable effect would be to prejudice the jury), and Commonwealth v. Pelzer, 612 A.2d 407 (Pa. 1992) (jury is prejudiced when the remark creates a fixed bias and hostility toward the defendant to the extent that it cannot weight the evidence fairly and render a true verdict), is consistent with Supreme Court law, see Greer v. Miller, 483 U.S. 756, 765 (1987) (federal habeas relief may be granted when the "prosecutorial misconduct may 'so infec[t] the trial with unfairness as to make the resulting conviction a denial of due process.'") (quoting Donnelly v. DeChristoforo, 416 U.S. 637, 643, (1974)), United States v. Bagley, 473 U.S. 667, 676 (1985) (for due process to have been offended, "the prosecutorial misconduct must be 'of sufficient significance to result in the denial of the defendant's right to a fair trial.'") (quoting United States v. Agurs, 427 U.S. 97, 108 (1976));

      (i)  To the extent that Young's Third Claim also asserts the failure of trial counsel to object to the prosecutor's comments constituted ineffective assistance, our discussion above of the Strickland standard and the holding of Werts applies;

      (j)  Young does not raise any specific objection to the recommendation regarding the Third Claim;

      (k)  Judge Angell was correct when she determined that Young's Ninth Claim, which alleges the state court conclusions are contrary to and an unreasonable application of Supreme Court

4

law, fails to state a independent claim for federal habeas relief;

       (l)  Young does not raise any specific objection to the recommendation regarding the Ninth Claim;

       (m)  Given the recommendations, and our resolution of Young's objections thereto, Young has not made a substantial showing of the denial of a constitutional right, so as to permit the issuance of a certificate of appealability;

       It is hereby ORDERED that:

       1.   Young's objections are OVERRULED;

       2.   The Report and Recommendation is APPROVED and ADOPTED;

       3.   The petition for writ of habeas corpus is DENIED;

       4.   We decline to issue a certificate of appealability; and

       5.   The Clerk shall CLOSE this case statistically.

                            BY THE COURT:

                              <u>/s/ Stewart Dalzell, J.</u>